## BARKER AND WIFE *v.* COBB.

A deed, with a condition written upon the back and executed by the grantee, is a conveyance upon condition, if there be nothing in the instrument or condition indicating to the contrary.

By a deed upon condition, though an estate be conveyed, yet it passes to the grantee subject to the condition ; and laches are chargeable upon the grantee for non-performance of the condition annexed to the estate, even though such grantee be a *feme covert.*

He who enters upon land for condition broken becomes seized of his first estate, and thereby avoids all intermediate charges and incumbrances.

A divorce does not, *ipso facto,* cut off the rights of the husband in the real estate of his wife. It requires the decree of the court granting the divorce to disincumber the estate from the husband's rights.

WRIT OF ENTRY, for a tract of land in Chatham, in this county.

It appeared in evidence that in the year 1823 one Isaac Cox was the owner of two farms in said Chatham; and having two daughters, his only children, one the wife of William Rounds, and the other the wife of Abner Gee, conveyed the one farm to his daughter Betsey Rounds, and the other to his daughter Polly Gee, by warranty deeds in common form; but upon the back of the deed to Betsey Rounds was a condition, having the same date with the deed, and executed at the same time, as follows : " The conditions of the within deed are such, that if the within named Betsey Rounds shall well and truly and faithfully provide

for the within named Isaac Cox, and Susan Cox, wife of the said Isaac Cox, good and sufficient meats and drinks, clothing and nursing, and all other necessaries in sickness and in health, and as people of their age and situation shall require, during their natural lives, then the within deed to be good and valid, otherwise null and void. Sealed with my seal, and signed this first day of February, 1823.    BETSEY ROUNDS." [SEAL.]
"In presence of     CALEB WHITTIER,
                    JONAS WYMAN."

And on the deed to Polly Gee was a like condition, executed by her in the same manner. At the time of the execution of said deeds, Isaac Cox and wife were living on the farm conveyed to Betsey Rounds — she and her husband then living in the State of Maine. Soon after the execution of said deeds, William Rounds rendered Cox some assistance in carrying on the farm and in repairing the buildings, and in the course of about two years his wife and children removed to Chatham, and lived on the farm with Cox and wife, and soon after Rounds himself moved up, and both families lived together awhile, when Cox and his wife went to live with their other daughter, Polly Gee. Soon after this, and about the year 1832, Rounds went to live at Bangor, and left his family on the farm, where they lived till about the year 1837, when they went to Bangor to live, and the farm was let out to tenants by Betsey Rounds till the year 1843, when she came up to Brownfield, in Maine, where her father and mother were living with said Polly Gee, she having sold her farm in Chatham and bought another in Brownfield, with the consent of Cox, he taking security on the Brownfield farm for his and his wife's support, by way of mortgage, and had an interview with her father in respect to the farm in Chatham which had been conveyed to her.

The plaintiff's evidence tended to prove that at this time she told her father that she had never done any thing for his support; was poor, and unable to do any thing; that she had broken the conditions of the deed, and wanted to give it up, and wanted him to enter for condition broken, and take possession of the

farm ; that Cox said the farm was his and always had been, and consented to enter and take possession of it, and that she then gave up her deed to him, and that he in a few weeks after made a formal entry into said farm for condition broken, and gave a written notice to the tenant in possession, of his said entry, and the object of it.   There was no evidence whether the husband, William Rounds, assented to this arrangement or not.

In a few weeks after this transaction Polly Gee died, and an arrangement was then made that the two farms should be conveyed to her children ; Caroline Barker, one of the children, was to release her interest in the Brownfield farm to the other children, and pay them $150, and the Chatham farm was to be conveyed to her, which was accordingly done — Isaac Cox giving her a quitclaim deed of it.   Shortly after this she and her husband moved on to the farm and lived there a few years, when they left it and went to Maine to live.   In the year 1852, Isaac Cox then being dead, Betsey Rounds, with her husband, gave William Rounds,. Jr., their son, a quitclaim deed of the farm, and the defendant has a title derived from him.   There was some evidence tending to contradict the plaintiff's evidence as to what passed between Betsey Rounds and her father in 1843, and as to the object of Cox's entry into the farm.

The court instructed the jury that if they believed the foregoing evidence for the plaintiff, as to what passed at the interview between Betsey Rounds and her father, and that Cox entered, as the plaintiff's evidence tended to prove, for condition broken, and thereupon conveyed the farm to the plaintiff, Caroline Barker, in consideration that she should release to the other children of Polly Gee her interest in the Brownfield farm, and pay them $150, and that she did it, she must be regarded in the light of a *bonâ fide* purchaser of the farm, for a valuable consideration, and that Betsey Rounds, or any one claiming under her, would be estopped to deny that the condition of the deed was broken, or to claim said farm, and that they should find a verdict for the plaintiffs.

The jury found a verdict for the plaintiffs, which the defend-

ant moved to set aside, and for a new trial, on account of the foregoing instructions of the court to the jury.

After the commencement of this suit Caroline Barker procured a divorce from her husband, Jonathan Barker, in the State of Maine, and moved that the name of Jonathan Barker be stricken from the declaration, and that the suit proceed in her name alone.

The questions arising on the motion were reserved and assigned to this court for determination.

Whipple and Bradley, of Maine, for the plaintiffs.

Emerson and Eastman, for the defendant.

EASTMAN, J.   The deed of Cox to Betsey Rounds, in 1823, conveyed an estate upon condition; for although the condition was not contained in the body of the deed, yet, being upon the same paper, and executed at the same time, the intent of the parties appears plain.   There was but one contract, and, in legal effect, but one instrument.

By the condition of the conveyance, the grantee was to provide for and support Cox and his wife during their natural lives, otherwise the deed was to be null and void.

In a deed of this kind, though an estate be conveyed, yet it passes to the grantee subject to the condition, and laches are chargeable upon the grantee for non-performance of the condition annexed to the estate, even though such grantee be an infant or feme covert.   Co. Litt. 246, b; 4 Kent's Com. 126.

Betsey Rounds, then, took the demanded premises subject to the condition, and the fact that she was a feme covert did not change the force or requirements of the condition.   The evidence was competent to show, and from it the jury have found, that the condition was not kept.

It was of no consequence whether her husband assented to the entry of Cox or not.   If the condition had not been kept, Cox had the right to enter against the will of the grantee or

that of her husband. And by his entry he became seized of the demanded premises ; for it is a general rule of law that he who enters for condition broken becomes seized of his first estate, and thereby avoids all intermediate charges and incumbrances. 4 Kent's Com. 126 ; 1 Shep. Touch. 121, 155 ; Perkins, sec. 840.

By the breach of the condition and the entry of Cox, the title became revested in him, and his deed to the demandant, Caroline Barker, for good consideration, conveyed the estate to her. After the breach and entry Betsey Rounds had ceased to be the owner of the premises, and her deed could convey nothing. And, even had the condition been kept, Betsey Rounds could not convey the premises so as to transfer the performance of the condition to another. The condition was personal upon her, and Cox might maintain his writ of entry against the defendant. *Flanders* v. *Lamphear*, 9 N. H. 201 ; *Eastman* v. *Batchelder*, 36 N. H. 141.

The motion to strike the name of Jonathan Barker from the declaration cannot be granted upon the fact alone that his wife has procured a divorce against him since the commencement of the suit. A divorce does not, *ipso facto*, cut off the rights of the husband in the real estate of the wife. It requires the decree of the court granting the divorce to disincumber the estate from the husband's rights. If further facts are made to appear to the Common Pleas, warranting the amendment, that court may allow it.

With these views the order from this court will be, that there be

*Judgment on the verdict.*